UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHA A. POLANCO, | Case No. CV 07-4825 JTL |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**PROCEEDINGS**

On August 1, 2007, Bertha A. Polanco ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her application for Disability Insurance Benefits and Supplemental Security Income benefits. On August 24, 2007, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On August 29, 2007, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on February 7, 2008, defendant filed an Answer to the Complaint. On April 7, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

**BACKGROUND**

On February 26, 2004, plaintiff filed applications for Disability Insurance Benefits and Supplemental Social Security Income benefits. (Administrative Record ["AR"] at 70-73, 189-91). Plaintiff alleged a disability onset date of May 5, 2003 due to back pain, disc herniation and depression.[1] (AR at 86; see AR at 70, 189, 217). The Commissioner denied plaintiff's application for benefits. (AR at 52-53, 192-93). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 60).

On June 19, 2006, the ALJ conducted a hearing in Downey, California.[2] (See AR at 209-225). Plaintiff appeared at the hearing with counsel and testified with the assistance of an interpreter. (AR at 214-224). On December 28, 2006, the ALJ issued his decision denying benefits to plaintiff. (AR at 22-27). The ALJ found that plaintiff had severe degenerative disc disease of the lumbar spine, but determined that plaintiff's condition did not meet or equal any of the impairments listed in Appendix 1 of the regulations. (AR at 24-25). The ALJ discussed the medical evidence in the record and determined that while treatment notes showed subjective complaints of back and radicular pain, the treatment notes failed to show significant and persistent objective findings of gait abnormalities, mobility limitations or neurological deficits. (AR at 25). The ALJ relied on the findings of a consultative examiner, M. Ibrahim Khan, M.D., a board certified orthopedic surgeon, to conclude that plaintiff retained the residual functional capacity to perform medium work. (AR at 25-26). The ALJ determined that plaintiff could perform her past relevant work as a candy machine operator and was, therefore, not disabled through the date of the decision. (AR at 26-27). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 5-7).

Thereafter, plaintiff filed her complaint in the United States District Court.

///

---

[1] In other instances, plaintiff indicated that she stopped working on May 5, 2003 to care for her ailing daughter. (See AR at 86, 216; see also infra Section B).

[2] The ALJ also conducted a hearing on February 14, 2006, which was continued to allow plaintiff to retain counsel (AR at 200-03), and on April 10, 2006, which was continued due to plaintiff's counsel's failure to appear (AR at 204-08).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1. The ALJ improperly rejected the opinions of plaintiff's treating physicians.

2. The ALJ failed to properly consider plaintiff's subjective complaints regarding her functional limitations.

**STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

**A.     The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

///

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Parra, 481 F.3d at 746. If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Id.

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Id. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.     Plaintiff's Treating Physicians**

Plaintiff was treated by both Aram Keusayan, M.D. and Anselmo Pineda, M.D. for her back pain. Magnetic Resonance Imaging scan ("MRI") results dated February 2, 2004 indicate Dr. Keusayan referred plaintiff to Alan Todd Turner, M.D. for an MRI scan. (AR at 119-20). In a brief treatment note dated February 26, 2004, Dr. Keusayan noted that plaintiff had low back pain, is "unable to work" and needs medical care. (AR at 112). Soon after, plaintiff began treatment with Dr. Pineda. Dr. Pineda reviewed the results of a MRI scan dated February 6, 2004 and ordered another MRI, which was performed on June 1, 2004. (AR at 157; see AR at 159-60). Based on the inconclusive results of the June 1 MRI, Dr. Pineda scheduled exploratory surgery. Plaintiff underwent spinal surgery on August 10, 2004 that did not improve plaintiff's condition. Thereafter, a September 30, 2004 MRI revealed that plaintiff was still

suffering from a diffuse disc bulge. (AR at 154). In his inpatient discharge summary, Dr. Pineda diagnosed plaintiff with severe left lumbar radiculopathy. (AR at 142). He reported that plaintiff's radicular pain at the left side was inconsistent with the presence of disc protrusion at the opposite right side. (AR at 25, 142).

Treatment notes from Dr. Keusayan dated February 2, 2005 and March 23, 2005 indicate that plaintiff continued to report lower back pain that interfered with her ability to walk. (AR at 181-83). The record also contains a report dated March 27, 2006 indicating that Dr. Keusayan referred plaintiff to Dr. Turner for an abdomen examination (AR at 170), an April 6, 2006 letter from Isaac Eisenstein, M.D. to Dr. Keusayan, that indicates Dr. Keusayan referred plaintiff to Dr. Eisenstein for a consultation regarding possible cardiovascular disease (AR at 168), and an April 12, 2006 progress note from plaintiff's physical therapist that lists Dr. Keusayan and plaintiff's physician (AR at 166). Additional treatment notes from Dr. Keusayan's office indicate plaintiff complained of lower back pain (AR at 165, 167, 173, 175), chest pain (AR at 164), and was unable to walk (AR at 172). In a brief treatment note dated August 29, 2006, Dr. Keusayan opined that plaintiff was "unable to perform basic activities of daily living [because] of pain." (AR at 188).

In his decision, the ALJ relied on the opinion of M. Ibrahim Khan, M.D., a board certified orthopedic surgeon, who reviewed the medical records and examined plaintiff. (AR at 25). Plaintiff argues that the ALJ should give the opinions of Dr. Keusayan and Dr. Pineda, plaintiff's treating physicians, controlling weight over the opinion of Dr. Khan, a consultative examiner.[3] (Joint Stipulation at 8). Alternatively, plaintiff alleges that the ALJ failed to provide sufficient reasons for rejecting the treating physicians' opinions. (Joint Stipulation at 9, 14).

The medical opinion of a treating physician is entitled to special weight. 20 C.F.R. § 404.1527; Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Lester v. Chater, 81 F.3d 821,

---

[3] Dr. Khan, a board certified orthopedic surgeon, diagnosed plaintiff with a "[c]hronic strain of lumbosacral spine, status post degenerative lumbar disc disease with no radiculopathy." (AR at 125). Dr. Khan opined that plaintiff had the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently, stand and walk six hours per eight-hour workday, and sit for six hours per eight-hour workday. (AR at 125).

830 (9th Cir. 1995) (the opinions of treating physicians should be given more weight than the opinions of doctors who do not treat the claimant). The opinions rendered by treating physicians must be weighed using all of the factors provided in 20 C.F.R. Section 404.1527, such as the length of the treatment relationship, frequency of examination, and the nature and extent of the treatment relationship. Social Security Ruling ("SSR")[4] 96-2p; 20 C.F.R. § 404.1527(d)(2). If a treating physician's opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, it will be given controlling weight. 20 C.F.R. § 404.1527.

An ALJ may properly reject the opinion of an uncontroverted treating physician only for "clear and convincing" reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830. An ALJ may properly disregard the controverted opinion of a treating physician only by setting forth specific and legitimate reasons for doing so that are supported by substantial evidence in the record. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). The ALJ can meet this burden by setting out a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986). An ALJ may rely on the absence of objective findings to reject a treating physician's opinion. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (inadequate clinical findings provide specific and legitimate basis for ALJ to reject treating physician's opinion); Buckhart v. Bowen, 856 F.2d 1335, 1339 (9th Cir. 1988) (proper to disregard uncontroverted treating physician's opinion when he fails to provide objective descriptions of medical findings). In addition, an ALJ may reject all or part of an examining physician's report if it contains inconsistencies, is conclusory, or inadequately supported by clinical findings. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

///

---

[4] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

In his decision, the ALJ noted that in a February 26, 2004 treatment note, Dr. Keusayan opined that plaintiff was unable to work due to her back impairment, and in an August 29, 2006 treatment note, Dr. Keusayan indicated that plaintiff was unable to perform basic activities of daily living. (AR at 26). The ALJ then rejected Dr. Keusayan's opinion concluding it was "conclusory in nature and not supported with any corroborative clinical and laboratory findings." (AR at 26).

The ALJ failed to provide sufficient reasons to reject Dr. Keusayan's opinion. While the lack of clinical and laboratory findings may constitute a valid basis upon which to reject the opinion of a treating physician, the ALJ must still set out a detailed and thorough summary of the facts and conflicting clinical evidence and state his interpretation. See Cotton, 799 F.2d at 1408; see, e.g., Embrey, 849 F.2d at 421-22 (rejecting ALJ's conclusions because they were not "sufficiently specific"). Furthermore, the ALJ's determination that Dr. Keusayan's opinion was not well supported by medically acceptable clinical and laboratory diagnostic techniques only means that the opinion was not entitled to controlling weight. See SSR 96-2p ("A finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the opinion is rejected."). As a treating physician, Dr. Keusayan's opinion is entitled to deference and the ALJ must weigh it using all of the factors provided in 20 C.F.R. Section 404.1527, such as the length of the treatment relationship, frequency of examination, and the nature and extent of the treatment relationship. See Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007); SSR 96-2p; 20 C.F.R. § 404.1527(d)(2).

Moreover, the ALJ should have developed the record to determine the basis of Dr. Keusayan's opinion. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (stating that ALJ has a duty to "conduct an appropriate inquiry" if the ALJ determines that it is necessary to know the basis of the treating physician's opinion). The record indicates that Dr. Keusayan treated and examined plaintiff numerous times from 2004 to 2006. The ALJ rejected Dr. Keusayan's opinions and offered only that Dr. Keusayan's opinion was "conclusory in nature and not supported with any corroborative clinical and laboratory findings" in support of his decision. Instead, the ALJ should have developed the record to determine the basis of Dr.

Keusayan's opinion and then explained the weight that he gave it. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (when the evidence is ambiguous, or if the ALJ finds that the record is inadequate to allow for proper evaluation of disability, the ALJ's duty to develop the record is triggered and he or she must "conduct an appropriate inquiry"); see also Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) (the ALJ's duty to develop the record exists even when the claimant is represented by counsel).

In addition, it is not clear whether Dr. Keusayan's opinion that plaintiff was unable to work meant that he believed plaintiff was unable to work at "any other kind of substantial gainful work which exists in the national economy," as is required for a finding of disability under the Social Security Act. The ALJ should develop the record on this point on remand, and should contact Dr. Keusayan if necessary. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ . . . has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (internal quotation and citation omitted). The ALJ should then consider Dr. Keusayan's opinion in determining whether plaintiff meets the statutory disability standard. See Harman v. Apfel, 211 F.3d 1172, 1178-80 (9th Cir. 2000) (remanding for the ALJ to draw a "legal conclusion" from a doctor's medical findings).

**C.    Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. The ALJ failed to provide sufficient reasons to reject the opinion of plaintiff's treating physician. On remand, the ALJ must fully develop the record and explain the weight that he assigns to Dr. Keusayan's opinion. If the ALJ rejects Dr. Keusayan's opinion, or the opinion of any other treating physician, the ALJ must make detailed findings setting forth specific, legitimate reasons for doing so, supported by substantial

evidence in the record.[5]

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 13, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[5] In the Joint Stipulation, plaintiff also contends that the ALJ erred in failing to properly consider the opinion of Dr. Pineda and in failing to credit plaintiff's allegations of pain. As explained above, however, the ALJ's error in failing to provide proper reasons to reject the opinion of Dr. Keusayan constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.